UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80001-CV-Rosenberg/Hopkins

PLINIO MORAIS,

                Plaintiff,

v.

RHINO HOLDINGS ONE, INC., et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON RENEWED JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT (DE 33)

**THIS CAUSE** is before this Court upon the District Court's Referral Order (DE 34). Presently before the Court is the parties' renewed joint motion for approval of their settlement agreement. (DE 33). For the reasons that follow, this Court **RECOMMENDS** that the motion be **GRANTED**.

## BACKGROUND

Plaintiff filed this lawsuit alleging Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA). Three months after filing the complaint, the parties attended mediation and resolved their dispute. The parties submitted their proposed settlement agreement to the Court for approval (DE 29), as required by the FLSA and the Eleventh Circuit. The District Court declined to approve the agreement because the motion (1) did not set forth why the settlement was fair and reasonable, (2) failed to describe how the attorney's fees were calculated, and (3) failed to provide a compelling reason for including a confidentiality provision in the settlement agreement. (DE 30).

1

Thereafter, the parties filed the instant motion, renewing their request for court approval of the settlement agreement. The renewed motion explains that the $500.00 Plaintiff will receive under the settlement (significantly less than the approximately $35,000.00 in damages alleged in his Statement of Claim) is justified due to the uncertainty and weaknesses in Plaintiff's case. The renewed motion also provides a breakdown of the time Plaintiff's counsel spent on the case to support his sought-after fee award of $5,000.00, and states that the confidentiality provision has been removed from the proposed settlement agreement.

## DISCUSSION

The FLSA's minimum wage and overtime provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Su v. Electronic Arts, Inc.*, 2006 WL 4792780 at *2 (M.D. Fla. Aug. 29, 2006) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, there are two circumstances where FLSA claims may be compromised: (1) when supervised by the Secretary of Labor and (2) when a court approves the settlement. *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If a settlement reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In evaluating the reasonableness of FLSA settlements, courts consider six factors: (1) whether there was any fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Su*, 2006 WL 4792780 at *3 (citing *Leverso v. Southtrust Bank of Al., Nat'l Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)).

In addition, if the settlement agreement includes an award of attorney's fees, the court is obligated to examine that award for reasonableness. *Su*, 2006 WL 4792780 at *3 (citing *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 849-50 (5th Cir. 1998)). Counsel for plaintiff is required to submit supporting documentation in order for the court to assess the reasonableness of the fee sought. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 (S.D. Fla. 2008); *Tyler v. Westway Auto. Serv. Ctr., Inc.,* 2005 WL 6148128, at *3 (S.D. Fla. Mar. 10, 2005) (counsel should produce billing records showing time expenditures with sufficient particularity). In the Eleventh Circuit, a reasonable attorney's fees award is calculated by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate (referred to as the lodestar method). *Id.*; *Wagenheim v. GC Works, Inc*., 2010 WL 3516084, at *1 (S.D. Fla. Aug. 11, 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

Here, both parties are represented by counsel, who approve of the terms of this settlement, and there is no evidence of fraud or collusion. Moreover, the parties' renewed joint motion adequately describes the deficiencies in Plaintiff's case and the potential impediments to Plaintiff recovering anywhere near the damages initially sought in his Statement of Claim. For example, Defendants presented affidavits from witnesses (including Plaintiff's estranged wife) to support their position that Plaintiff was an owner and manager of the company (thus, not entitled to any overtime), and to refute the number of hours Plaintiff claimed to have worked. Moreover, Defendants' assets had been frozen by Florida's Attorney General, and so there was a significant risk that even if Plaintiff prevailed at trial, executing on his judgment might prove futile. Finally, this settlement was reached a few weeks before the close of discovery, and it appears that enough discovery was exchanged for Plaintiff to conclude that his chance of success on the merits was small. Accordingly, this Court finds that the Plaintiff's receipt of $500.00 to settle his wage claim is a fair and reasonable resolution of a bona fide FLSA dispute. *See e.g. Decker v.*

*Mercedes Homes, Inc.*, 2009 WL 248116, at *2 (M.D. Fla. Jan. 30, 2009) (where plaintiff realized that his original wage calculations were overstated, he concluded that the settlement offer was in his best interest, and the court agreed).

With regard to the amount of attorney's fees sought, it is well settled that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Tyler,* 2005 WL 6148128, at *5. "Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may 'prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public . . .'" *Id.* (quoting *Hodgson v. Miller Brewing Co*., 457 F.2d 221, 228-229 (7th Cir. 1972)).

Here, the Court has reviewed the time entries submitted by Plaintiff's counsel in support of his fee request. Counsel's billing entries list 20.2 hours at an hourly rate of $350.00 for a total of $7,070.00 in fees. As a threshold matter, the Court finds counsel's hourly rate to be reasonable and in accordance with the rates charged by other FLSA attorneys in this district. *See Asbun v. Resende,* 2016 WL 7635459, at *6 (S.D. Fla. Sept. 26, 2016)(court awarded hourly rates of $300.00 and $350.00 to FLSA lawyers); *Echavarria v. Am. Valet Parking*, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015)(court found $375.00/hour to be "at the high end of the range of rates charged in the Southern District of Florida for similar services by FLSA lawyers").

In considering the hours billed by Plaintiff's counsel, the Court finds the time he spent on routine tasks to be excessive and recommends reducing counsel's time to 14.3 hours.[1] Given

---

[1] For example, counsel should have only charged one hour for the standard FLSA complaint filed in this action, rather than 1.5 hours. *See Gerhardt v. Fine Line Collision, Inc.,* 2008 WL 5054098, at *2 (S.D. Fla. Nov. 26, 2008)(court reduced preparation of a "form FLSA complaint" from three hours to one and noted that "[c]ounsel should have derived greater economy from form practice and experience when drafting these pleadings."). Likewise, counsel charged excessively for reviewing brief, procedural orders issued by the Court, and conducting routine tasks such as requesting an extension of time. Counsel also

that such a reduction of time at a rate of $350.00 per hour amounts to $5,005.00, the Court finds that the $5,000.00 to be awarded Plaintiff's counsel under the terms of the proposed settlement agreement is reasonable.[2] Indeed, in addition to filing the complaint and conducting discovery, Plaintiff's counsel also prepared response papers to Defendants' motion to dismiss (DE 11), appeared telephonically at the hearing on that motion, and attended a four-hour mediation. Therefore, although the Plaintiff's recovery and the amount of attorney's fees sought may appear disproportionate at first glance, the fees sought reflect time reasonably spent by Plaintiff's counsel, and so this Court declines to recommend a reduction in the fees, beyond that already agreed to by the parties. *See Tyler*, 2005 WL 6148128, at *5 (where there was no evidence that plaintiff's counsel "churned the file" to increase his fees, court could not conclude that the disparity between the amount awarded to Plaintiff and the amount of attorneys' fees requested warranted an across-the-board reduction in fees).

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT** the parties' Renewed Joint Motion for Approval of Settlement (DE 33).

---

improperly billed for administrative tasks, and for having to file a renewed motion to approve the settlement, which would have been unnecessary if the original motion had complied with the legal requirements. *See Hershkovitz v. Innovative Const. & Design, Inc.,* 2008 WL 824222, *2 (M.D. Fla. March 25, 2008) (clerical work is "not properly chargeable" as an attorney's fee in FLSA case).

[2] The Court further notes that the $5,000.000 sought by Plaintiff's counsel includes $523.00 in taxable costs. These costs consist of a $400.00 filing fee and service of process on the three Defendants (for less than the $65.00/hour allowed by 28 C.F.R. § 0.114), all of which are recoverable under 28 U.S.C. § 1920.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of June, 2017.

*James M. Hopkins*
_____
JAMES M. HOPKINS
United States Magistrate Judge